# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Talcott,<br><br>       Plaintiff,<br><br>v.<br><br>Credit One Bank, N.A.,<br><br>iEnergizer Holdings, Limited, and<br><br>First Contact, LLC, a/k/a/ iQor Holdings, Inc.,<br><br>       Defendants. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

Plaintiff Scott Talcott as and for his cause of action hereby states and alleges the following:

## INTRODUCTION

1. This is an action for damages brought by Scott Talcott against Credit One Bank, N.A., First Contact, LLC a/k/a iQor Holdings, Inc. and iEnergizer Holdings, Limited, (hereinafter referred to as "Defendants") for their repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and invasions of privacy. Defendants, and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities, knowingly, willfully, and/or negligently made in excess of 140 phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system without his prior express consent in violation of the TCPA.

## JURISDICTION AND VENUE

2. This Court has federal question subject mater jurisdiction over this action under 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 132 S. CTt. 740 (2012). This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §§ 1367.

3. This Court has personal jurisdiction over Defendants because, as further described herein, the Defendants purposefully directed business activities at the State of Minnesota, and this litigation results from events that arise out of or relate to those activities

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the relevant acts and transactions occurred in Minnesota, Plaintiff resides within Minnesota and Defendants transact business within Minnesota.

## PARTIES

5. Plaintiff Scott Talcott is a natural person who resides in Eden Prairie, Minnesota.

6. Defendant Credit One Bank, N.A. ("Credit One") is a national banking association with its headquarters located in 585 Pilot Road, Las Vegas, Nevada 89119. Credit One is a leader in the consumer credit lending industry and is a "person" as defined by 47 U.S.C. § 153 (10). Credit One regularly solicits, advertises and issues consumer credit cards to residents of Minnesota.

7. Defendant First Contact, LLC, is a limited liability company with its principal place of business located at 200 Central Avenue, 7th Floor, St. Petersburg,

Florida 33701, and is also known as iQor Holdings, Inc., which wholly owns First Contact, LLC.

8. Defendant iEnergizer Holdings, Limited, is a corporation headquartered in India, with its principal place of business located at a-37, Sector 60, Noida – 201 301, UP, India. iEnergizer's principal place of business in the United States is located at 11009 Metric Boulevard, Building J, Suite 150, Austin, Texas 78758. iEnergizer's registered agent is Agents for Delaware Corporations, Inc., 301 Alder Road, Dover, Delaware 11904.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTS**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The

TCPA provides a private right of action to persons who receive calls in violations of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12. At all times relevant, Plaintiff was an individual residing in the State of Minnesota. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Defendants are, and at all times mentioned herein were, a "person," as defined by 47 U.S.C. § 153(39).

14. On or around June 11, 2014, Defendants began their campaign of communicating with the Plaintiff using an automated telephone dialing system and prerecorded messages by calling the Plaintiff's cellular telephone phone number of 605-***-0881 over one hundred times. Plaintiff received repeated, harassing calls from Defendants at all times of day and multiple times each day. The calls continued until approximately September 4, 2015.

15. For example, on August 2, 2015, Plaintiff received six calls from Defendants. Throughout the month of August 2015, Plaintiff received five to six calls each day from Defendants. The volume of calls represents harassment and is indicative an automatic telephone dialing system being used to make the calls.

16. All the telephone calls made by Defendants to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

17. Defendants' use of an automated telephone dialing system was clearly indicated by the (1) placement of several or more calls to the Plaintiff per day, (2) hold

music playing when the Plaintiff would answer the phone, and (3) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

18. The telephone number where Defendants called Plaintiff is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

19. Plaintiff is the customary and sole user of the cellular phone number 605-***-0881, and has been the customary and sole user of that phone number at all times relevant hereto.

20. Plaintiff is the subscriber of the cellular telephone number 605-***-0881, and has been the subscriber of that phone number at all times relevant hereto.

21. Plaintiff never gave any of the Defendants his prior, express permission to call his cell phone using an automated telephone dialing system or prerecorded voice.

22. Plaintiff did not want to be contacted on his cell phone using an automated telephone dialing system or prerecorded voice, and expressly directed the Defendants to stop calling his cell phone number.

23. Plaintiff specifically advised Defendants to stop calling his cell phone and his wife's cell phone on or around July 28, 2015

24. Defendants unlawfully, intentionally and with knowledge called Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. § 227 *et seq.*

25. Defendants' calls to Plaintiff invaded his privacy and were offensive.

26. A reasonable person would find over 140 incoming phone calls to their cellular telephone – sometimes more than five times in one day - highly offensive and an intrusion and invasion of their privacy.

27. The Plaintiff was damaged by Defendants' illegal calls. Defendants' calls deprived Plaintiff of the use of his phone during the times that the Defendants were calling his cellular phone, depleted the battery life of his cellular phone, wasted his time, caused him frustration and anger, and invaded his personal privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

## CAUSES OF ACTION

### COUNT I.
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

28. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

30. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

31. Plaintiff is also entitled to injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

# COUNT II.
## STRICT LIABILITY VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

32. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

34. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff is also entitled to injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

# COUNT III.
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

36. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

37. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully making phone calls to Plaintiff in violation of the TCPA. *See Owners Ins. Co. v. European Auto Works, Inc.* 695 F.3d 814, 819 – 820 (8th Cir. 2012) ("We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA.

Our court has previously stated that violations of the TCPA are " 'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase []."(quoting *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005)).

38. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully calling Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA.

39. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

40. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

41. The conduct of Defendants and their agents, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants, which occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

**JURY TRIAL DEMAND**

43. Plaintiff demands a jury trial.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

1. For a declaration that Defendants telephone calls to Plaintiff violated the TCPA;

2. For an award of damages consistent with the TCPA, 47 U.S.C. § 227(b)(3)(B);

3. For an award of triple the damages available under 47 U.S.C. § 227(b)(3) for willful or knowing violations of the TCPA;

4. For a permanent injunction prohibiting Defendants from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice;

5. For an award of actual damages suffered as a result of the invasions of privacy in an amount to be determined at trial; and

6. For such other and further relief as may be just and proper.

HEANEY LAW FIRM, LLC

Date: **June 10, 2018**

Mark L. Heaney
(MN #333219, AZ #022492)
601 Carlson Parkway, Suite 1050
Minnetonka, MN 55305
Tel: (952) 933-9655
Fax: (952) 487-0189
mark@heaneylaw.com

*Attorney for Plaintiff Scott Talcott*