UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Talcott,<br><br>    Plaintiff,<br><br>v.<br><br>Credit One Bank, N.A., iEnergizer Holdings, Limited and First Contact, LLC a/k/a iQor Holdings, Inc.,<br><br>    Defendants. | Court File No. 0:18-cv-01616-DWF-HB<br><br>**DEFENDANT CREDIT ONE BANK, N.A.'S ANSWER TO COMPLAINT** |

Defendant Credit One Bank, N.A. ("Credit One"), hereby responds to the Complaint and Demand for a Jury Trial filed by Plaintiff Scott Talcott ("Plaintiff") as follows:

## INTRODUCTION

1.  The allegations in Paragraph 1 are legal conclusions and/or contain a description of Plaintiff's claims, and thus require no response. To the extent a response is required, Credit One denies these allegations. In particular, Credit One denies that it placed calls or caused calls to be placed to Plaintiff's cellular telephone using any system that would constitute an automatic telephone dialing system ("ATDS") as defined by the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2.  Credit One does not contest this Court's subject matter jurisdiction.

4144503v1

3. Credit One does not have sufficient information to contest this Court's personal jurisdiction.

4. Credit One does not have sufficient information to contest venue.

## PARTIES

5. Credit One does not have sufficient information to contest Plaintiff's assertion of his place of residence.

6. 47 U.S.C. § 153(10) does not define "person", and on that basis Credit One denies that it is a "person" under this statute. Credit One admits the remaining allegations of Paragraph 6.

7. Credit One lacks information sufficient to admit or deny the allegations regarding First Contact LLC made in Paragraph 7, and on that basis denies them.

8. Credit One lacks information sufficient to admit or deny the allegations regarding iEnegizer Holdings, Limited, made in Paragraph 8, and on that basis denies them.

9. Paragraph 9 contains legal conclusions regarding agency and ratification that require no response.

## FACTS

10. Credit One admits the allegations in Paragraph 10.

11. Paragraph 11 quotes from the TCPA, which statute speaks for itself, and thus requires no response.

12. Credit One does not have sufficient information to contest Plaintiff's assertion of his place of residence. Credit One admits that Plaintiff is a person.

13. Credit One admits that it is a person under the definition in 47 U.S.C. §153(39). Credit one admits that the other Defendants would also be persons under this statutory definition.

14. Credit One admits that calls were placed to the phone number ending in 0881 in an attempt to reach the customer who had provided Credit One with that number and who was delinquent on payments. Credit One did not itself place calls to Plaintiff and lacks information sufficient to confirm or deny the remaining allegations in Paragraph 14, and on that basis denies them.

15. Credit One did not itself place calls to Plaintiff and lacks information sufficient to confirm or deny the allegations in the first two sentences of Paragraph 15, and on that basis denies them. The third sentence of Paragraph 15 contains legal conclusions and suppositions to which no response is required.

16. Paragraph 16 contains a legal conclusion to which no response is required; to the extent a response is required, Credit One denies that any calls placed to Plaintiff in relation to a debt owed to Credit One were made with an ATDS as defined by the TCPA.

17. Paragraph 17 contains legal conclusions to which no response is required; to the extent a response is required, Credit One did not itself place calls to Plaintiff and lacks information sufficient to confirm or deny the allegations in Paragraph 17, and on that basis denies them.

18. Credit One lacks information sufficient to confirm or deny the allegations in Paragraph 18, and on that basis denies them.

19. Credit One lacks information sufficient to confirm or deny the allegations in Paragraph 19, and on that basis denies them.

20. Credit One lacks information sufficient to confirm or deny the allegations in Paragraph 20, and on that basis denies them.

21. Paragraph 21 contains legal conclusions to which no response is required; to the extent a response is required, Credit One denies that the 0881 number was called without prior consent first given by a cardholder pursuant to the Cardholder Agreement with Credit One.

22. Credit One lacks information sufficient to confirm or deny the allegations in Paragraph 22 as to Plaintiff's wishes. Credit One denies the remaining allegations in this Paragraph.

23. Credit One denies the allegations in Paragraph 23.

24. Paragraph 24 contains a legal conclusion to which no response is required; to the extent a response is required, Credit One denies that any calls placed to Plaintiff in relation to a debt owed to Credit One were made with an ATDS as defined by the TCPA.

25. Paragraph 25 contains a legal conclusion to which no response is required; to the extent a response is required, Credit One denies that any calls placed to Plaintiff in relation to a debt owed to Credit One were an invasion of privacy or offensive.

26. Paragraph 26 does not contain factual allegations but rather contains a supposition about a "reasonable person" standard that calls for a legal conclusion and thus to which no response is required.

27. Paragraph 27 makes statements about the intent of the TCPA, to which no response is required. Credit One lacks sufficient information to opine as to Plaintiff's state of mind or emotions, and denies the remaining allegations in Paragraph 27.

## CAUSES OF ACTION

28. Credit One realleges and incorporates by reference its responses set forth in the preceding paragraphs.

29. Paragraph 29 contains legal conclusions to which no response is required.

30. Paragraph 30 contains legal conclusions to which no response is required.

31. Paragraph 31 contains legal conclusions to which no response is required.

32. Credit One realleges and incorporates by reference its responses set forth in the preceding paragraphs.

33. Paragraph 33 contains legal conclusions to which no response is required.

34. Paragraph 34 contains legal conclusions to which no response is required.

35. Paragraph 35 contains legal conclusions to which no response is required.

36. Credit One realleges and incorporates by reference its responses set forth in the preceding paragraphs.

37. Paragraph 37 contains legal conclusions to which no response is required.

38. Paragraph 38 contains legal conclusions to which no response is required.

39. Paragraph 39 contains legal conclusions to which no response is required.

40. Paragraph 40 contains legal conclusions to which no response is required.

41. Paragraph 41 contains legal conclusions to which no response is required.

42. Paragraph 42 contains legal conclusions to which no response is required.

## JURY TRIAL DEMAND

43.     Paragraph 43 contains a description of Plaintiff's demand for a jury trial, to which no response is required.

## CREDIT ONE'S AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, Credit One does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.  Nor shall anything stated or unstated constitute an admission of any kind.

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The Complaint fails to state sufficient facts to constitute a cause of action against Credit One.

### SECOND AFFIRMATIVE DEFENSE

### (Compliance With Applicable Law)

Plaintiff's claims are barred because Credit One's conduct is not unlawful in that Credit One complies with applicable statutes and regulations.

### THIRD AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's claims are barred because prior express consent existed for any calls he allegedly received.

## FOURTH AFFIRMATIVE DEFENSE

### (Injury Caused By Third Parties)

Plaintiff's claims against Credit One are barred because any harm allegedly suffered by Plaintiff was caused and/or contributed to by third parties over whom Credit One has no control with respect to the time, means, method, or manner by which they conduct business or personal affairs.

## FIFTH AFFIRMATIVE DEFENSE

### (Not Willful and/or Knowing)

Plaintiff's claims are barred because Credit One did not engage in willful and/or knowing misconduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to assert the claims alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Belief and Conduct)

The acts and statements of Credit One were fair and reasonable and were performed in good faith based on all the relevant facts known to Credit One. Credit One acted with a good faith belief that it had good cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights. As a consequence, Plaintiff is not entitled to any damages whatsoever.

4144503v1

### EIGHTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiff's claims are moot.

### NINTH AFFIRMATIVE DEFENSE

### (Estoppel/Waiver)

Plaintiff's claims are barred in part or in whole by the doctrines of estoppel and/or waiver.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff failed to mitigate the alleged damages (if any) and any recovery by Plaintiff must be diminished or barred by reason thereof.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Other Affirmative Defenses)

Credit One lacks sufficient information of all the facts and evidence surrounding the subject incident and is therefore unable to ascertain at this time any additional affirmative defenses which Credit One may have.  Therefore, Credit One expressly reserves the right to amend this Answer to assert such other affirmative defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

### **CREDIT ONE'S PRAYER FOR RELIEF**

WHEREFORE, Credit One respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice as to Credit One;

2. Order that Plaintiff take nothing by reason of the Complaint, that Plaintiff is entitled to no relief, and that judgment be rendered in favor of Credit One;

3. Award Credit One its costs and expenses incurred in connection with this action; and

4. Grant Credit One such other relief as the Court deems proper.

Dated: August 1, 2018

By: /s/ John K. Rossman
John K. Rossman (#244831)
MOSS & BARNETT, P.A.
**Attorney for Defendant**
**Credit One Bank, N.A.**
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5396
Facsimile: (612) 877-5060
John.Rossman@lawmoss.com

4144503v1